IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY WILLIAMS,

        Plaintiff,                    No. 2:13-cv-0351 AC P

    vs.

BRIAN DUFFY, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 6. By Order filed on March 4, 2013, this court ordered plaintiff to provide, within thirty days, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  <u>See</u> 28 U.S.C. § 1915(a)(2).  On April 11, 2013, plaintiff filed a notice indicating he was having some difficulty submitting a certified copy of his prison trust account statement.  The court will construe the notice as a request for an extension of time.

        Plaintiff has also requested appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist.</u>

1

1  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may
2  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v.</u>
3  <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36
4  (9th Cir. 1990).

5　　　　　　The test for exceptional circumstances requires the court to evaluate the plaintiff's
6  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
7  light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,
8  1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
9  common to most prisoners, such as lack of legal education and limited law library access, do not
10  establish exceptional circumstances that would warrant a request for voluntary assistance of
11  counsel.  In the present case, plaintiff contends that he suffers from a disability which in and of
12  itself does not warrant appointment of counsel.  Moreover, plaintiff's request is premature
13  inasmuch as plaintiff may not proceed until he has established that he is entitled to proceed in
14  forma pauperis or until he pays the filing fee.  The court, at this stage, is thus unable to evaluate
15  the merits, if any, of his claims and thus does not find the required exceptional circumstances.

16　　　　　　Accordingly, IT IS HEREBY ORDERED that:

17　　　　　　1. In light of plaintiff's notice at ECF No. 5, plaintiff is granted an extension of
18  time of thirty days to submit a certified copy of his prison trust account statement for the six
19  month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply
20  with this order will result in dismissal of this action without prejudice; and

21　　　　　　2.  Plaintiff's April 29, 2013 (ECF No. 7) motion for appointment of counsel is
22  denied.

23  DATED: April 30, 2013.

24

25　　　　　　　　　　　　　　　　　　　　　　／s／ Allison Claire
　　　　　　　　　　　　　　　　　　　　　　ALLISON CLAIRE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
26  AC:009/will0351.31+