IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY WILLIAMS,

        Plaintiff,                      No. 2:13-cv-0351 AC P

    vs.

BRIAN DUFFY, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 6.

        On May 8, 2013 (ECF No. 9), pursuant to court orders (ECF Nos. 4 and 8), plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

1

direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

1  Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim
2  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

4  In reviewing a complaint under this standard, the court must accept as true the
5  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
6  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
7  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

8  Plaintiff names as defendants: California Medical Facility (CMF) Warden Duffy;
9  Chief Medical Officer Dr. Joseph A. Bick; and Dr. Kapoor.  Plaintiff alleges that defendant
10 Kapoor, a dentist, "won't take this amalgam" out of plaintiff's mouth despite knowing that it
11 causes plaintiff "problems" and that plaintiff has multiple sclerosis.  Plaintiff claims that
12 defendant Kapoor has told him that "his boss" or superiors even further up the line will not let
13 him (Kapoor) remove the "amalgam," "all blam[ing] Sacramento."  Plaintiff states that he has
14 "problems no one can figure."  He also alleges that "this amalgam cause[s] such illness."
15 Complaint at 3.

16 Plaintiff's allegations are too vague to frame an Eighth Amendment claim.  In
17 order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate
18 medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate
19 indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail,
20 plaintiff must show both that his medical needs were objectively serious, and that defendants
21 possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991);
22 McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind
23 for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

24 A serious medical need exists if the failure to treat a prisoner's condition could
25 result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
26 that a prisoner has a serious need for medical treatment include the following:  the existence of

an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  However, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference.  Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

A finding that an inmate was seriously harmed by the defendant's action or

4

inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061. Plaintiff's claims will be dismissed but with leave to amend.

Plaintiff's claims against defendants Duffy and Bick are even more vague than those against defendant Kapoor. Plaintiff does not sufficiently link a constitutional deprivation to either of these individuals. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Accordingly, when a named defendant holds a supervisorial position the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

5

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A claim for injunctive relief, however, may proceed on a theory of supervisorial responsibility.  Just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant.  All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985) (permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.)  However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25 (1991).  In this instance, it is presently impossible to tell whether the warden is an appropriately named official, because the complaint does not specify whether the conduct plaintiff seeks to enjoin involves an allegedly unconstitutional state practice, policy or procedure.  The complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, he must demonstrate how the

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////
////
////
////

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: May 20, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
will0351.b