IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY WILLIAMS,

        Plaintiff,                    No. 2:13-cv-0351 AC P

    vs.

BRIAN DUFFY, et al.,

        Defendants.           ORDER

                                  /

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "Counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." Wood v. Housewright, 900 F.2d at 1335 (citing Wilborn v. Escalderon, 789 F.2d 1328 at 1331 (9th Cir.1986)). In the present case, the court does not find the required exceptional circumstances.

1

1 Although plaintiff sets forth that he is hampered by a number of disabilities, his original
2 complaint has been dismissed with leave to amend and the court is unable to evaluate the
3 likelihood of success on the merits of any potential claim.  Plaintiff's request for the appointment
4 of counsel will therefore be denied.
5       Accordingly, IT IS HEREBY ORDERED that plaintiff's June 14, 2013 request
6 for the appointment of counsel (ECF No. 13) is denied.
7 DATED: June 20, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009/kly
will0351.31