UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIAMS, | No. 2:13-cv-0351 AC P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN DUFFY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C.§ 1983.  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 6.  By Order filed on May 21, 2013 (ECF No. 10), the complaint was dismissed with leave to amend within twenty-eight days.  In the May 21st Order, the court informed plaintiff of the deficiencies in his complaint.

Plaintiff filed a request for appointment of counsel which was denied by Order filed on June 20, 2013.  ECF No. 14.  On July 11, 2013, plaintiff filed a notice with an exhibit which indicates that he has a vision impairment and suffers from other disabilities.  ECF No. 15.  Plaintiff objects to being denied appointment of counsel because he is indigent.  Plaintiff states that his A.D.A. (Americans with Disabilities Act) status entitles him to assistance by which, presumably, he means he is entitled to the appointment of counsel.   Plaintiff is incorrect.  The case on which he relied in his request for appointment of counsel, Armstrong v. Davis, notes that

1

1  remedies under Title II of the ADA are incorporated within the remedies of Title VI of the Civil
2  Rights Act of 1964. <u>Armstrong v. Davis</u>, 318 F.3d 965, 974 (9th Cir. 2003). Title VI does not
3  provide for mandatory appointment of counsel. As plaintiff has been informed, the court may
4  appoint counsel under § 1915(d) only in the case of "exceptional circumstances." <u>Terrell v.
5  Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether there are exceptional
6  circumstances, the court must evaluate "both the likelihood of success on the merits and the
7  ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues
8  involved." <u>Id.</u> (internal quotation marks and citation omitted); <u>Wood v. Housewright</u>, 900 F.2d
9  at 1335 (9th Cir. 1990).

10  Plaintiff's allegations regarding dental treatment do not on the face of it involve complex
11  legal issues and it is not apparent that, even if he articulated colorable claims, he is likely to
12  succeed on the merits.

13  The twenty-eight day period for filing an amended complaint has now expired, and
14  plaintiff has not filed an amended complaint. Plaintiff was informed in the Order, filed on May
15  21, 2013, that failure to file an amended complaint would result in dismissal of this action.

16  Accordingly, IT IS ORDERED that this action be dismissed with prejudice. <u>See</u> Local
17  Rule 110; Fed. R. Civ. P. 41(b).

18  DATED: September 18, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
will0351.ord